TROUTMAN SANDERS LLP
Wynter L. Deagle, Bar No. 296501
wynter.deagle@troutman.com
Anne-Marie D. Dao, Bar No. 282632
anne-marie.dao@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone:   858-509-6000
Facsimile:    858 509 6040

Attorneys for Plaintiff
FOURSQUARE LABS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FOURSQUARE LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE and DOES 1-50, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1) CYBERSQUATTING** <br><br> **2) TRADEMARK INFRINGEMENT** |

Plaintiff Foursquare Labs, Inc. ("Plaintiff" or "Foursquare") brings this Complaint against Defendants John Doe and Does 1-50 ("Defendants") for injunctive relief and damages. Foursquare is informed and believes and therefore alleges as follows:

## **NATURE OF THE CASE**

1. "If it tells you where, it's probably built on Foursquare." Foursquare is a local search-and-discovery mobile app developed by Plaintiff. In 2009, Foursquare invented the "check-in" – the process by which individual users keep track of the local businesses they visit and update their friends and contacts with their latest comings and goings. Foursquare users "check in" when they visit a business or attraction, and Foursquare then updates their status to reflect where they are and when they arrived. Foursquare also provides personalized recommendations of places and businesses to frequent near a user's current location based on

1  users' previous browsing and check-in history.  Plaintiff's technology and social networking mobile application are known world-wide through Plaintiff's famous trademark, FOURSQUARE (the "Foursquare Mark").

2. Today, the 13+ billion Foursquare check-ins are also the foundation of Plaintiff's powerful, proprietary technology that helps make sense of where mobile phones go for the more than 150,000 partners who have registered to use its developer tools, including Uber, Tencent, Apple, Samsung, and Twitter.  Foursquare's unparalleled data on user's activities and locations has allowed Plaintiff to help the world's leading brands and advertisers unlock valuable insights about their consumers and their businesses.

3. Plaintiff seeks relief against Defendants for the wrongful registration and use of Foursquare.com, which violates Plaintiff's trademark and wrongfully seeks to confuse consumers in order to divert them to Defendants' website.  Unless addressed by this Court, Defendants' conduct will continue to result in a likelihood of consumer confusion, thereby causing irreparable injury to Plaintiff.  As such, Plaintiff seeks damages and injunctive relief against Defendants to stop their ongoing harmful conduct, pursuant to the Lanham Act and the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125).

**THE PARTIES**

4. Plaintiff is now, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Plaintiff is, and at all relevant times was, authorized to transact business in the State of California, and its second office is located in San Francisco, California.

5. Despite diligent efforts, Plaintiff has been unable to identify any of the Defendants.  Plaintiff reserves the right to amend this Complaint to allege such Defendants' true names and capacities when they are ascertained.

**JURISDICTION AND VENUE**

6. This case arises under the federal trademark statute, 15 U.S.C. § 1501 *et seq.* (the "Lanham Act") and the federal Anti-Cybersquatting Consumer Protection Act ("ACPA"),

15 U.S.C § 1125(d). This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

7. The Court has personal jurisdiction over the Defendants as each of them knowingly directed and targeted their unlawful activity at Plaintiff, whose office is located in San Francisco, California and who regularly transacts business in the State of California. Upon information and belief, Defendants also transacted and conducted business in California by wrongfully diverting customers and potential customers in California to Defendants and their website.

8. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391(b)(2) and Civil Local Rule 3-2, as a substantial part of the events or omissions giving rise to the claims at issue in this litigation occurred in this judicial district within the State of California.

9. Pursuant to Civil Local Rule 3-2(c), this case is exempt from the Court's division-specific venue rule because it involves intellectual property rights. It is appropriate to assign this case to the San Francisco Division because this action arose in the County of San Francisco, and a substantial part of the events which give rise to this action occurred within the County of San Francisco.

## FACTUAL BACKGROUND

### The Foursquare Mark

10. Plaintiff owns the exclusive rights to the Foursquare Mark which is used in connection with its services, technology, software and applications since 2009. In addition to its common law rights, Plaintiff owns a United States registration for the Foursquare Mark: Reg. No. 3,942,932, registered on April 12, 2011 in International Classes 9, 41, 42, and 45. A copy of the registration certificate is attached to this Complaint as Exhibit 1.

11. Since 2009, Plaintiff's use of the Foursquare Mark in interstate commerce has been extensive, continuous, and exclusive.

### Defendants' Infringement and Cybersquatting

12. Plaintiff's website domain name—"foursquare.com"—specifically incorporates the Foursquare Mark.

13. Domain names are alphanumeric aliases used to access websites; for example, Google's domain name is "google.com" and one of its IP addresses is 192.168.1.1. Domain names make it easier to access websites without having to memorize and enter numeric IP addresses. Domain names—including websites ending in ".com"—are owned and managed by companies called registries. In turn, registries delegate the commercial sales of domain name registrations to registrars. A registrar is a business that handles the reservation of domain names that are owned by a particular registry. Thus, when a company "buys" a domain name from a registrar, the company purchases the right to use the domain name for a specific period of time.

14. Despite Plaintiff's long-standing rights in the Foursquare Mark, on or about January 13, 2020, Defendants purchased the right to use, and began using, the website domain named "Foursguare.com" (the "Infringing Domain")—which merely replaces the "q" in Foursguare with a "g") from NameCheap, Inc.—a domain name registrar.

15. Cybercriminals—including Defendants—are increasingly hiding behind domain name registrars with strong privacy policies—to prolong their wrongdoing and insulate themselves from liability by concealing their identity. NameCheap, Inc. ("NameCheap") is one such registrar. According to its publicly available Privacy Policy, Copyright & Trademark Policies, and Court Order & Subpoena Policy, NameCheap vigorously defends the privacy and confidentiality of its customers and will not disclose any information about them, including their identity, without a court order or validly-issued subpoena. Copies of these policies are attached as Exhibits 2-4 of the Complaint. Indeed, when Plaintiff contacted NameCheap after discovering the Infringing Domain to request information including the identity of Defendants, NameCheap staunchly refused to provide any information without a court order or subpoena and directed Plaintiff to its Privacy Policy, Copyright & Trademark Policies, and Court Order & Subpoena Policy.

**Defendants' Consumer Diversion and Confusion**

16. On its face, the Infringing Domain is confusingly similar—and intended to be confusingly similar—to Plaintiff's website domain and the Foursquare Mark. Because of its obvious and intentional similarity to the Foursquare Mark, consumers are likely to believe that

Defendants and the Infringing Domain are authorized, approved, sponsored, endorsed, or otherwise affiliated with Plaintiff. Indeed, Plaintiff has been informed by existing and potential customers that they have already visited the Foursguare.com domain name and transacted business with Defendants because they believed they were doing business with Plaintiff and utilizing Plaintiff's website.

17. Defendants use of the Infringing Domain is intended to cause—and is actively causing—confusion with consumers between the Infringing Domain and the Foursquare Mark, thereby allowing Defendants to trade on Plaintiff's goodwill and reputation. Defendants are also intentionally causing—and will continue to cause—consumer confusion as to the source, authorization, sponsorship, connection, endorsement, or affiliation of their products and services.

18. Due to Plaintiff's federal trademark registration, Defendants—at a minimum—had constructive notice of Plaintiff's Foursquare Mark at the time they began using the Infringing Domain. Indeed, due to Foursquare's notoriety and the intentional similarity of the domain names, Plaintiff is informed and believes that Defendants had actual notice of the Foursquare Mark.

19. Despite such notice, Defendants continue to use the Infringing Domain and willfully ignore Plaintiff's trademark rights. The continued use by Defendants is therefore willful and deliberate and reflects their intent to confuse consumers and profit from the goodwill associated with Plaintiff and the Foursquare Mark.

20. Defendants' use of the Infringing Domain is actively causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to Plaintiff's Foursquare mark, reputation, and goodwill—for which Foursquare has no adequate remedy at law.

**FIRST CAUSE OF ACTION**

**[Cybersquatting on Plaintiff's Trademark Under 15 U.S.C. § 1125(d)]**

21. Plaintiff hereby re-alleges and incorporates by reference each allegation contained above in Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. The Foursquare Mark was federally registered at the United States Patent and Trademark Office at the time Defendants registered, purchased, and began using the Infringing Domain.

23. Because of its widespread reputation and recognition by the general public as a designation of the source of Plaintiff's goods or services, the Foursquare Mark is a famous mark pursuant to 15 U.S.C. § 1125(c).

24. The Infringing Domain is confusingly similar to Plaintiff's domain name and the Foursquare Mark.

25. Defendants registered and are using the Infringing Domain with a bad faith intent to profit from Plaintiff's Foursquare Mark by diverting customers from Plaintiff to Defendants, causing Plaintiff irreparable harm.

26. Defendants' acts violate the Anti-cybersquatting Consumer Protection Act, 15 U.S.C § 1125(d).

27. Plaintiff's remedy at law is not adequate to compensate it for the injuries Defendants inflicted on Plaintiff. Accordingly, Plaintiff is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

28. Plaintiff is also entitled to recover the profits derived from Defendants' wrongful conduct.

29. Plaintiff is further entitled to recover its actual damages, the costs of this action, and the attorneys' fees incurred by Plaintiff in connection with this action.

30. Plaintiff is also entitled to an award of statutory damages under 15 U.S.C. § 1117(d).

**SECOND CAUSE OF ACTION**

**[Trademark Infringement Under 15 U.S.C. § 1114]**

31. Plaintiff hereby re-alleges and incorporates by reference each allegation contained above in Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Defendants have used the Foursquare Mark in a way that has caused and is likely to continue to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiff of use of the Infringing Domain.

33. The above-described acts constitute knowing and willful trademark infringement in violation of 15 U.S.C. § 1114(1).

34. The conduct of Defendants has irreparably harmed Plaintiff and, if not enjoined, will continue to irreparably harm and confuse the public.

35. Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

36. Plaintiff is further entitled to recover the profits derived from Defendants' wrongful conduct.

37. Plaintiff is also entitled to recover its actual damages, the costs of this action, and the attorneys' fees incurred by Plaintiff in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court enter a judgment and order that:

1. Declares that John Doe and Does 1-50 have:

    a. Infringed the rights of Plaintiff in the federally registered Foursquare Mark, in violation of 15 U.S.C. § 1125(d).

    b. Infringed the rights of Plaintiff in the federally registered Foursquare Mark, in violation of 15 U.S.C. § 1114(1).

    c. Defendants' infringement of the Foursquare Mark was intentional, willful and malicious.

2. Permanently enjoins and restrains John Doe and Does 1-50 from registering, using, or trafficking in any domain name that is identical or confusingly similar to the Foursquare Mark.

3. Awards Plaintiff its actual monetary damages incurred in connection with John Doe's and Does 1-50's trademark infringement.

4. Awards Plaintiff $100,000 in statutory damages, pursuant to 15 U.S.C. § 1117(a).

5. Awards Plaintiff prejudgment and post judgment interest.

6. Awards Plaintiff its costs associated with the prosecution of this action.

7. Awards Plaintiff its attorneys' fees incurred in connection with the prosecution of this action, pursuant to 15 U.S.C. § 1117(a).

8. Awards such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the Foursquare hereby demands trial by jury on any and all issues triable by jury.

Dated: January 30, 2020                             TROUTMAN SANDERS LLP


By:/s/Anne-Marie D. Dao
Wynter L. Deagle
Anne-Marie D. Dao
Attorneys for Plaintiff
FOURSQUARE LABS, INC.